# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| BRINSON ALLEN, | : | CRIMINAL NO. |
|    Movant, | : | 1:06-CR-0155-CAP-GGB-2 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:11-CV-3489-CAP-GGB |
| UNITED STATES OF AMERICA, | : | |
|    Respondent. | : | MOTION TO VACATE |
| | : | 28 U.S.C. § 2255 |

## FINAL REPORT AND RECOMMENDATION

Movant, Brinson Allen, has filed a motion to vacate sentence under 28 U.S.C. § 2255. [Doc. 464]. Presently before me for consideration are Movant's § 2255 motion to vacate [Doc. 464] and the United States of America's (hereinafter "Government's") response in opposition to the motion to vacate [Doc. 469]. For the reasons discussed below, I recommend that Movant's § 2255 motion be denied as untimely.

I. Background

In March of 2006, a federal grand jury in this Court indicted Movant, his wife, and another individual for mortgage fraud. [Doc. 6]. The grand jury returned two superseding indictments adding charges and other defendants as additional evidence was obtained. [Docs. 101, 154]. The second superceding indictment charged

Movant, his wife, and others with conspiring to commit bank and wire fraud in violation of 18 U.S.C. § 1349 (Count One). [Doc. 154]. Movant was also charged with substantive bank fraud crimes related to the mortgage fraud scheme charged in the conspiracy count, in violation of 18 U.S.C. §§ 1344 and 2 (Counts 8, 9, 10, and 11). [*Id.*]. Movant and his wife were also charged in Counts 14 and 15 with violations of 18 U.S.C. §§ 1014 and 2, related to fraudulent schemes to obtain a line of credit and financing for a car. [*Id.*].

On July 30, 2008, Movant was found guilty, following a two-week jury trial, of three crimes: the conspiracy alleged in Count One, the substantive bank fraud alleged in Count 10, and obtaining a fraudulent line of credit alleged in Count 14. [Docs. 276, 283]. The jury acquitted Movant of Counts 8, 11, and 15, and could not reach a decision on Count 9. [*Id.*]. On November 20, 2008, the Court sentenced Movant to serve concurrent terms of 37 months of imprisonment on each count and five years of supervised release.[1] [Doc. 372].

Movant appealed, and the United States Court of Appeals for the Eleventh Circuit affirmed his convictions and sentences on August 2, 2010. *United States v.*

---

[1] According to Bureau of Prisons records, Movant was released from prison on May 24, 2011, and is presumably serving his term of supervised release. *See* www.bop.gov.

*Allen*, 374 F. App'x 944 (11th Cir. 2010). On October 4, 2010, the United States Supreme Court denied Movant's petition for a writ of certiorari. *Allen v. United States*, 131 S. Ct. 261 (2010).

On October 6, 2011, Movant signed a motion to vacate under § 2255 [Doc. 464 at 6], and the motion was filed in this Court on October 12, 2011. The Government filed a response, arguing that Movant is not entitled to relief because his motion is untimely, and the claims raised in his motion are without merit. [Doc. 469]. II. Discussion

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal prisoners must file a 28 U.S.C. § 2255 motion to vacate within one year of the latest of four specified events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The § 2255 statute of limitations began to run on the date Movant's convictions and sentences became final. Movant's convictions became final on October 4, 2010, when the Supreme Court denied certiorari. *See Gonzalez v. Thaler*, No. 10-895, 2012 WL 43513, at *9 (S. Ct. Jan. 10, 2012) (holding that a federal judgment becomes final, for purposes of the AEDPA's statute of limitations, when the Supreme Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or, if the prisoner does not seek certiorari, when the time for filing a certiorari petition expires).

Movant had one year from the date his convictions became final, or until October 4, 2011, to file a motion to vacate. Movant filed his motion to vacate in this

4

Court on October 12, 2011, eight days after the limitation period expired.[2] Because Movant's motion to vacate was filed outside the limitation period, it is untimely.

The Supreme Court has recently held that the one-year limitation period is subject to equitable tolling. *See Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549 (2010). In order to obtain equitable tolling of the AEDPA's filing deadlines, Movant must show that: (1) he had been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. Id. at 2562 (citation omitted). Equitable tolling is generally limited to rare and exceptional circumstances. *See Helton v. Sec'y for Dep't of Corr.*, 233 F.3d 1322, 1325 (11th Cir. 2000).

---

[2]Under the "prison mailbox rule," a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 275-76 (1988). According to Bureau of Prisons records, however, Movant was not incarcerated on the date he filed his motion. Thus, the prison mailbox rule does not apply. *See Chapman v. United States,* Criminal No. 00-158(3)JRTFL, 2005 WL 2105522, at *1 n.1 (D. Minn. Aug. 26, 2005) (declining to extend the prison mailbox rule to a petitioner where he had already been granted supervised release when he filed his petition). Nevertheless, even if the Court applied the mailbox rule and deemed Movant's motion as filed on the date he signed it, the motion is untimely by two days because it was signed on October 6, 2011. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (holding that, absent evidence to the contrary, a prisoner's *pro se* motion to vacate would be treated as having been delivered to prison officials on the date that the prisoner signed it).

5

Movant indicates incorrectly in his motion that his certiorari petition was denied by the Supreme Court on October 15, 2011, which was the date that the Supreme Court's denial of certiorari was docketed in this Court as a notice from the Eleventh Circuit. [Doc. 463; Doc. 464 at 2]. However, this date did not trigger the running of the limitation period. *See Adams v. United States*, 173 F.3d 1339, 1343 (11th Cir. 1999) (holding that receipt or certification by the Court of Appeals of the Supreme Court's denial of certiorari does not govern when a "judgment of conviction becomes final" for the purposes of the AEDPA's one-year limitations period applicable to the filing of a motion to vacate, set aside, or correct sentence); *see also United States v. Marcello*, 212 F.3d 1005, 1008 (7th Cir. 2000) (holding that a defendant's judgment of conviction is final when the Supreme Court denies certiorari, not when notice is received by the court of appeals). To the extent that Movant may have made a mistake about the start date of the limitation period, such a mistake does not justify tolling the limitation period. *See Felder v. Johnson*, 204 F.3d 168, 172-73 & n.10 (5th Cir. 2000) (holding that ignorance of the law and *pro se* status are insufficient to toll the statute of limitations). Thus, Movant is not entitled to equitable tolling of the limitation period.

AO 72A
(Rev.8/82)

Further, the Eleventh Circuit *may* recognize an "actual innocence" exception to the one-year limitation period. *See Milton v. Secretary, Dep't of Corr.*, 347 F. App'x 528, 530 (11th Cir. 2009). A prisoner attempting to make a showing of actual innocence "must raise 'new facts' that cast 'sufficient doubt upon [his] guilt to undermine confidence in the result of a trial without the assurance that the trial was untainted by constitutional error.'" *Sibley v. Culliver*, 377 F.3d 1196, 1205 (11th Cir. 2004) (quoting *Schlup v. Delo*, 513 U.S. 298, 317 (1995)). Movant has not raised any new facts to support an actual innocence claim. Accordingly, Movant's motion is subject to dismissal.

## III. Certificate of Appealability

According to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See*

AO 72A
(Rev.8/82)

*Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Movant has failed to make a substantial showing of the denial of a constitutional right. Movant filed his § 2255 motion after expiration of the limitation period, and he has failed to show that he is entitled to any tolling of the one-year period. Accordingly, **I RECOMMEND** that a certificate of appealability be **DENIED**.

IV. Conclusion

Based on the foregoing, **I RECOMMEND** that Movant Brinson Allen's motion to vacate sentence [Doc. 464] be **DENIED** as untimely.

**I FURTHER RECOMMEND** that a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to me.

**IT IS SO RECOMMENDED**, this 27th day of January, 2012.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)